UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

_____
                                              )
CARLOS PATINO, by his father and next friend,  )
PEDRO PATINO, AND MARIA PATINO                 )
                    Plaintiffs,                )
                                               )
                                               )
V.                                             )
                                               )
THE CITY OF REVERE;  OFFICER CHARLES           )
CALLAHAN and OFFICER JOSEPH DELUCA,            )
MASSACHUSETTS STATE POLICE, TROOPERS           )
PAUL MCCARTHY and TROOPER JESSE SWEET,         )
AND OTHER AS YET UNNAMED LAW                    )
ENFORCEMENT OFFICERS OF THE                     )
REVERE POLICE DEPARTMENT,                        )
THE METRO-BOSTON GANG UNIT AND/OR               )
THE MASSACHUSETTS STATE POLICE.                 )
                                               )
                    Defendants.                )
_____)

## COMPLAINT
and Jury Demand

The Plaintiffs, Carlos Patino, by his father and next friend, Pedro Patino, and Maria

Patino allege as follows:

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................... 3

IL      THE PARTIES ................................................................................. 3

III.    JURISDICTION AND VENUE ....................................................... 4

IV.     FACTUAL ALLEGATIONS............................................................. 5

V.      DAMAGES ...................................................................................... 6

VI.     CAUSES OF ACTION ..................................................................... 6

FIRST COUNT
Violations of Equal Protection Rights – Race/Ethnicity/Disability ...................... 6

SECOND COUNT
Violations by Individual Defendants of Substantive Due Process Right ............... 8

THIRD COUNT
Violation of the Fourth Amendment: Excessive Force and False Arrest...............9

 FOURTH COUNT
Intentional Infliction of Emotional Distress...........................................................10

FIFTH COUNT
Negligence: Vicarious Liability.............................................................................11

SIXTH COUNT
Violation of Massachusetts Civil Rights Act, M.G.L. c. 12 §11I, 11J..................12

SEVENTH COUNT
False Arrest ...........................................................................13

EIGHTH COUNT
Battery.................................................................................... 14

NINTH COUNT
42 U.S.C. § 1983
Failure to train, Supervise or Discipline ........................................................... 15

TENTH COUNT
State Torts Claim Act........................................................................17

ELEVENTH COUNT
City of Revere: Vicarious Liability for Negligence………………………………19

VII.    JURY TRIAL DEMAND   ............................................................................. 20

## I.    INTRODUCTION

This is an action for damages brought pursuant to section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, 42 U.S.C. § 12101, et seq., seeking redress for violation, under the color of law, of rights guaranteed the

plaintiffs under the federal Constitution and federal law. Plaintiff also asserts supplemental or ancillary state law claims.

II.     PARTIES

    A.     <u>Plaintiffs</u>

1.     Plaintiff, Carlos Patino, at the time of the acts and omissions alleged herein, was a 42 year old man with a mental impairment that substantially limited several major life activities, and resided with his mother and father in the City of Revere, Massachusetts, and brings this action by his father and next friend, Pedro Patino.

2.     Plaintiff, Maria Patino, at the time of the actionable conduct by the defendants, was the mother (by marriage) of Plaintiff, Carlos Patino, and was a resident of Revere, Massachusetts.

    B.     <u>Defendants</u>

3.     Defendant, City of Revere ("Revere") is a municipal corporation chartered and existing under the laws and constitution of the Commonwealth of Massachusetts, but is not a "state" for the purposes of immunity under the Eleventh Amendment to the Constitution of the United States. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Charles Callahan and Joseph Duca at all times relevant to this complaint.

4.     Defendant Officer Charles Callahan  ("Callahan") is, and was at all times material hereto, an employee of the Revere Police Department for the City of Revere, and is, upon information and belief, a resident of eastern Massachusetts.

5.     Defendant Officer Joseph Duca  ("Duca") was at all times material hereto, an employee of the Revere Police Department for the City of Revere, and is upon information and belief, a resident of eastern Massachusetts.

6.     Defendant Trooper Sgt. Paul McCarthy ("McCarthy") was at all times material hereto, an employee of the Massachusetts State Police ("MSP"), and is upon information and belief, a resident of eastern Massachusetts.

7.     Defendant Trooper Jesse Sweet ("Sweet") was at all times material hereto, an employee of the Massachusetts State Police ("MSP"), and is upon information and belief, a resident of eastern Massachusetts.

III.    JURISDICTION AND VENUE

A.     <u>Jurisdiction</u>

8.     The jurisdiction of this court is based on 28 U.S.C. §1331.

9.     This action arises under the Constitution of the United States, Amendment XIV, Section 1, as hereinafter more fully appears.

10.    With respect to state law claims made herein - whether common law or constitutional - jurisdiction is conferred by 28 U.S.C. § 1367(a), as added by the Judicial Improvements Act of 1990, Pub. L. 101-650, title III, Sec. 310(a), Dec. 1, 1990, 104 Stat. 5113.

B.     <u>Venue</u>

11.    Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b), because upon information and belief, all the defendants reside in the same State and one or all of the defendants reside in the district.

IV.     FACTUAL ALLEGATIONS

12.      In May of 2010, Carlos Patino, was a 42 year old adult who was mentally disabled and with significant mental/psychological disabilities recognized under the Americans with Disabilities Act ("ADA") (42 U.S.C. 12101 et seq. (Americans with Disabilities Act of 1990),

13.     On or about May 7, 2010, in the afternoon, Carlos Patino was sitting in a lawn chair outside his backdoor, in the Sun.  His mother, Maria Patino was inside the home.

14.     Without warning or explanation, McCarthy, Sweet, Callahan and Duca ran into the patio area where Patino was lounging. Their guns were drawn.

15.     Frightened, Patino ran towards his home and his mother.

16.     McCarthy, Callahan, Sweet and Duca pursued Patino and forcefully brought him to the ground, delivering blows to Patino's head and chest.

17.     McCarthy, Callahan, Sweet and Duca subdued Patino, handcuffed him and placed him in custody.

18.     Carlos Patino was injured and was later treated for a fractured rib and multiple deep abrasions and contusions to his forehead, left arm, right knee, and back.

19.     As police physically subdued Carlos Patino, his Mother Maria Patino, attempted to intervene and stop police from hurting her son. She ran outside and told them that Carlos had special needs, but was ignored. Maria Patino spoke to police primarily in Spanish.

20.     Ms. Patino had been directed by her doctor to bed rest as she had had abdominal surgery the previous day.

21.     The verbal intervention of a neighbor and Carlos' mother, Maria Patino caused police to realize they had subdued, submitted and arrested an innocent man and so released Patino from custody.

22.     Patino was transported to the hospital by ambulance for diagnosis and treatment.

23.     Defendants acted under color of law.

24      Patino was not charged with a crime.

## V.      DAMAGES

25.     As a direct and proximate result of the acts and omissions of the defendants, Carlos Patino has suffered severe and extreme emotional distress, including fear, anxiety, insecurity and vulnerability.

26.     As a direct and proximate result of the acts and omissions of the defendants, Carlos  Patino suffered injury to his head, ribs and chest, leg, knees, and back.

27.     As a direct and proximate result of the acts and omissions of the defendants, Maria Patino has suffered severe and extreme emotional distress, including fear of law enforcement, anxiety and depression.

## VI.     CAUSES OF ACTION

### FIRST COUNT

42 U.S.C. § 1983
(Fourteenth Amendment - Equal Protection: Race/Ethnicity/National Origin)

28.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "27",  supra.

29.     At all times relevant hereto, the conduct of all Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, 42 U.S.C. 12101 et seq (Americans with Disabilities Act of 1990), as well as the 14th Amendment to the United States Constitution that provides:

> No state shall...deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const., Amend. XIV, § 1 (Emphasis supplied).

30.     On May 7, 2010, it was clearly established that the "equal protection" clause of the Fourteenth Amendment protected plaintiff against discriminatory and disparate treatment based upon race, ethnicity,  national origin and disability.

31.     The individual defendants, McCarthy, Sweet and Callahan and Duca subjected the plaintiff to discriminatory and disparate treatment, based upon his race, ethnicity or apparent national origin, and disability and thereby deprived him of his right to equal protection of the laws under the Fourteenth Amendment.

32.     Defendants singled out Patino and forcefully subdued him, brutally caused him harm and subjected him to pain, and falsely arrested him.

33.     The deprivation of his constitutional rights alleged in paragraphs 38-42, supra., caused injuries to the Plaintiff and has caused him to suffer damages.

### Request for Relief

WHEREFORE, the plaintiff demands judgment for damages against Defendants jointly for actual, general, special, compensatory damages, and for punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

<u>SECOND COUNT</u>
42 U.S.C. § 1983
(14th Amendment Substantive Due Process)
Excessive Force

34.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "33", supra.

35.     At all times relevant hereto, the conduct of the Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, and 42 U.S.C. § 12101, et seq., as well as the 14th Amendment to the United States Constitution that provides:

> <u>No state shall</u> make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state <u>deprive any person of life, liberty, or property, without due process of law.</u>..

U. S. Const., Amend. XIV, § 1  (Emphasis supplied).

36.     On or about May 7, 2010, it was clearly established that "due process" under the Fourteenth Amendment provides that persons will be free from the use of excessive force and acts of physical brutality against their person.

37.     On May 7, 2010, McCarthy, Sweet, Duca and Callahan were acting under color of law, deprived  Patino of his right and privileges secured by the United States Constitution or by Federal law as the defendants intentionally and forcefully subdued the Plaintiff by hitting him repeatedly and arresting him.

38.     The force used by defendants was excessive and amounted to punishment.

39.     The actions of McCarthy, Sweet, Duca and Callahan, were so unreasonable as to shock the conscience.

40.     Defendants deprived Plaintiff of a right established by the Fourteenth Amendment, Due Process Clause.

41.     The deprivation of his constitutional rights alleged supra., caused injuries to the Plaintiff of body and mind and has caused him to suffer damages.

Request for Relief

WHEREFORE, the plaintiff demands judgment for damages against all Defendants jointly and severally, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

THIRD COUNT
(Fourth Amendment: Excessive Force and False Arrest)

42.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "41", supra.

43.     At all times relevant hereto, the Defendants were required to conform their conduct to the requirements of the Fourth Amendment as applied through the Fourteenth Amendment.

44.     Defendants McCarthy, Sweet, Duca and Callahan violated Patino's rights under the Fourth Amendment as they seized the Plaintiff and used unreasonable and excessive force against him.

45.     Defendants violated Patino's rights under the Fourth Amendment as they placed him under arrest without probable cause.

46.     The Defendant's deprivation of Patino's constitutional rights alleged in paragraphs 42-45, supra., caused injuries to the Plaintiff and has caused him to suffer damages.

<u>Request for Relief</u>

WHEREFORE, the plaintiff demands judgment for damages against all Defendants jointly and severally, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

<u>FOURTH COUNT</u>
(Intentional Infliction of Emotional Distress)

47.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "46", supra.

48.     Defendants McCarthy, Sweet, Duca and Callahan, by their conduct toward Patino, demonstrated a reckless disregard towards Patino of the probability of causing emotional distress, for whom they was responsible in their position as police officers for the City of Revere.

49.     The defendant's acts and omissions including violently and forcefully subduing the plaintiff with blows to his head and body and injuring him, wrongly and falsely arresting him without probable cause constituted extreme and outrageous conduct.

50.     The defendant's conduct was beyond all possible bounds of decency and utterly intolerable in a civilized community.

51.     The actions of defendants were the cause of Patino's distress and the distress sustained by him was severe and of a nature that no reasonable man could be expected to endure.

52.     As the actual and proximate cause of said misconduct, plaintiff suffered at the time and continues to suffer severe emotional distress, including fear, humiliation and anxiety.

Request for Relief

WHEREFORE, the plaintiff demands judgment for damages against Defendants, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

FIFTH COUNT
NEGLIGENCE
(Mass. Gen. Laws. ch. 258: Vicarious Liability for Negligence)

53.    Plaintiff, incorporates by reference herein the averments set forth in paragraphs "1" through "52," supra.

54.    The individual Defendants alleged herein owed the Plaintiff, a duty to act reasonably in investigating and pursuing their suspect, and in questioning, investigating and engaging the plaintiff.

55.    The individual defendants negligently breached the duty of care owed the Plaintiff, by:

(a) engaging the plaintiff physically and violently without probable cause;

(b) hitting the plaintiff repeatedly in the head and body;

(c) arresting him without probable cause;

56.    The individual defendants, in negligently breaching the duties alleged herein, by acts as alleged in paragraph 55, were acting as the agents and employees of the City of Revere and Massachusetts State Police, in furtherance of the business of their employer and within the scope of their employment.

57.    Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the

defendant municipalities have failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

58.     As a result of the negligent acts and omissions of the defendants, the City of Revere and the Commonwealth of Massachusetts, its agents and servants, the Plaintiff has suffered damages, including severe emotional distress, mental anguish, depression and anxiety, including a profound distrust and fear of law enforcement, and was caused to suffer other damages that will be proved at trial.

Request for Relief

WHEREFORE, the plaintiff demands judgment for damages, with prejudgment interest and their costs, and for any other relief this Honorable Court deems appropriate.

SIXTH COUNT

(MGL c. 12 § 11H & 11I Excessive Force; Lack of Probable Cause to Arrest)

59.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "58", supra.

60.     At all times relevant herein, the conduct of all Defendants were subject to the Massachusetts Civil Rights Act, MGL c. 12 § 11H & 11I.

61.     Defendants McCarthy, Sweet and Callahan interfered or attempted to interfere with Plaintiff's exercise and enjoyment of his rights secured by the state and federal constitution or laws of the United States and/or the Commonwealth of Massachusetts - Patino's:

(a)     right to be free from unreasonable search and seizure;

(b)     right to be free from arrest in the absence of probable cause to believe a crime has been committed;

12

(c)     right to be free from punishment without the due process of law;

(e)     right to be free from physical abuse.

62.     Defendants deprived Patino of secured rights by threats, intimidation and coercion, indeed extreme and excessive physical force.

63.     As a direct and proximate result of the conduct of the Defendants, Patino was intimidated, humiliated and physically injured by the actions of Defendants and suffered damages of body and mind.

## Request for Relief

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, and for punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

## SEVENTH COUNT
## FALSE ARREST

64.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "63", supra.

65.     At all times relevant herein, (a) the Defendants acted with the intention of arresting Patino, (b) the act directly or indirectly resulted in custody, and (c) Patino was conscious of the restraint, arrest and custody.

66.     Defendants imposed by force or threats an unlawful restraint upon plaintiff's freedom of movement, to wit by arresting and hand-cuffing his hands behind his back.

67.     Defendants arrested and held in custody (detained) Patino without probable cause.

68.     As a direct and proximate result of the conduct of the Defendants, Patino suffered harm and damages including but not limited to the aforesaid damages.

69.     Defendants City of Revere and the Commonwealth of Massachusetts are liable under the doctrine of respondeat superior.

Prayer for Relief

WHEREFORE, Plaintiff demands judgment against all defendants for injunctive relief and actual, special and compensatory damages, attorney's fees and costs of the litigation in an amount deemed at time of trial to be fair, just and appropriate.

EIGHTH COUNT
BATTERY

70.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "69", supra.

71.     Without the consent of Patino, Defendants McCarthy, Callahan, Duca and Sweet intentionally, harmfully, and offensively touched Patino by hitting him with their hands and feet dragging and forcefully pulling Plaintiff into a position of submission, and hand-cuffing him.

72.     As a direct and proximate result of the conduct of the Defendants, Patino suffered harm and damages including but not limited to the aforesaid damages.

73.     Defendants City of Revere and the Commonwealth of Massachusetts are liable under the doctrine of respondeat superior.

Prayer for Relief

WHEREFORE, Plaintiff demands judgment against all defendants for actual, special and compensatory damages, attorney's fees and costs of the litigation in an amount deemed at time of trial to be fair, just and appropriate.

14

<u>NINTH COUNT</u>
42 U.S.C. §1983
City of Revere - Failure to Train, Supervise or Discipline

74.      Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "73", supra

75.      The Defendant, City of Revere, was at all times relevant hereto, the employer of Callahan. As such, Revere was responsible for the training, supervision and discipline of its employees.

76.      At all times relevant hereto, the Defendants were required to conform their conduct and administration to the requirements of the Fourth and Fourteenth Amendments to the Constitution.

77.      Defendants at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983 and 42 USC 12101 et seq.

78.      Defendant, City of Revere, violated Patino's rights under the constitution when it failed to train, supervise and discipline its employees Duca and Callahan in areas in which Callahan eventually blatantly violated the civil rights of the Plaintiff, including:

(a)      The proper interaction and restraint with members of the public and possible suspects;

(b)      The proper interaction and treatment of individuals under arrest and in custody.

(c)      Identifying and appropriately interacting with non-english speaking members of the public;

(d)     Recognizing and appropriately interacting with members of the public

with mental disabilities including mental retardation.

79.     Callahan, McCarthy, Duca and Sweet violated the Fourth Amendment as they

seized the Plaintiff by using unreasonable and excessive force. They violated Patino's Fourteenth

Amendment rights when he discriminated against him, abused him, and arrested him.

80.     Defendant, City of Revere knew or should have known of the substantial risk

Callahan and Duca posed for perpetrating a constitutional injury or civil rights violation against

Patino or other members of the public;

81.     The City of Revere was grossly negligent and showed deliberate indifference in

its failure to train, monitor, supervise and discipline officers Callahan and Duca for acts and

omissions that it knew or should have known were likely to lead to deprivations of civil rights.

82.     The Defendant's inaction with respect to Duca and Callahan's prior deficiencies

in training in areas likely to be encountered in his policing of the public, including failing to

investigate,  and failure to properly train, supervise or discipline Duca  and/or Callahan, placed

them in a position that a reasonable person would have known posed substantial risk of violating

the constitutional rights of members of the community.

83.     The inaction of the City of Revere was causally linked to Patino's constitutional

violations, and as a result, Patino suffered harm and damages including but not limited to the

aforesaid damages.

<u>Prayer for Relief</u>

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

<u>TENTH COUNT</u>

(Mass. Gen. Laws, ch. 258 State Tort Claims Act)

84.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "83", supra.

85.     Defendants, City of Revere, owed the Plaintiff, Patino, a duty of care to train and supervise Officers Duca and Callahan and to take steps to prevent events such as occurred here, to wit, the excessive force against Patino and the false arrest of Patino.

86.     Defendants  owed  a duty to act according to the standard of ordinary care of a police officer, to wit, to investigate and pursue a suspect with reasonable precaution so as not to endanger the public or particular members of it.

87.     The Defendants breached that duty by failing to act as an ordinary police officer, thus pursuing and physically subduing Patino, committing multiple assault and batteries against him, using excessive force, and falsely arresting him

88.     As a direct and proximate result, Patino sustained injuries of body and mind and suffered harm and damages.

89.     Defendant, City of Revere breached that duty by failing to perform their duties to adequately control, supervise, train and discipline officers within the Revere Police Department.

90.     Defendant, City of Revere, by its agents and servants, negligently breached the duty of care owed the plaintiff, Patino, by:

(a)     failing to adequately train and supervise its police officers with respect to their clearly established duties and obligations under the provision of investigation and pursuit of suspects, and dealing with disabled members of the community, and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

(b)     by other negligent acts and omissions of its agents and servants.

91.     As a result of the negligent acts and omissions of the defendant, the City of Revere, its agents and servants, the plaintiff Patino has suffered damages, including severe emotional distress, mental anguish, and was caused to suffer other damages that will be proved at trial.

92.     Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, and the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

<u>Prayer for Relief</u>

WHEREFORE, the Plaintiff demands judgment for compensatory damages, in a sum sufficient to make whole the Plaintiff, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

<u>ELEVENTH COUNT</u>
Patino vs. City of Revere
(Mass.Gen.Laws, ch. 258: Vicarious Liability for Negligence)

93.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "92", supra.

94.     The Defendants alleged herein owed the plaintiff, Patino, a duty to act reasonably while the investigated and pursued a suspect and encountered the Plaintiff.

95.     The Defendants negligently breached the duty of care owed the plaintiff, by:

    (a)     rushing and attacking Patino without probable cause;

    (b)     Committing acts of assault and battery previously identified;

    (c)     falsely arresting Patino.

96.     The Defendants, in negligently breaching the duties alleged here in paragraph 94 by acts alleged in paragraph 95, were acting as the agents and employees of the City of Revere, in furtherance of the business of their employer and within the scope of their employment.

97.     Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, and the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

98.     As a result of the negligent acts and omissions of the defendant, Revere, its agents and servants, the plaintiff Patino has suffered damages, including severe emotional distress, mental anguish, and was caused to suffer other damages that will be proved at trial.

<u>Request for Relief</u>

WHEREFORE, the plaintiff demands judgment for damages, with prejudgment interest and his

costs, and for any other relief this Honorable Court deems appropriate.

VII.                        <u>JURY DEMAND</u>

       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands

trial by jury on all claims subject to trial by jury pursuant to the right preserved by the Seventh

Amendment to the Constitution of the United States.

       Respectfully submitted,
       CARLOS PATINO
       By his attorney,

       __/s/ John McK. Pavlos_____
       John McK. Pavlos, BBO #641113
       LAW OFFICE OF JOHN MCK. PAVLOS
       120 Torrey Street
       Brockton, MA 02301
       Tel: (508) 894-0050
       Fax: (508) 894-0051
       Email: attorneypavlos@gmail.com